UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXIA MARIE ALVAREZ,

      Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
------------------------------------------------------------X

FILED
CLERK

4:39 pm, Jan 04, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM
OF DECISION &
ORDER

21-CV-2450(GRB)

**GARY R. BROWN, United States District Judge**:

  In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that she was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

  The plaintiff, at age 27, had no relevant employment history, and suffers from a panoply of relatively minor medical issues, including facial rashes secondary to Lupus, irritable bowel syndrome, asthma, carpal tunnel syndrome, obesity and pain, fatigue and emotional issues related thereto. The ALJ carefully examined the extensive record presented, some of which included conflicting and contradictory information, and determined that the plaintiff could perform several positions that existed in substantial numbers in the national economy.[1]

---

[1] Unlike several cases examined by this Court, the alternative vocations considered here – cashier, cafeteria attendant and ticket marker – constitute occupations that are not obviously obsolete. *Compare Wagner v. Comm'r of Soc. Sec.*, 2022 WL 3346430 at *1 (E.D.N.Y. 2022) (rejecting reliance on photo development counter clerk position); *Zacharopoulos*, 516 F. Supp. 3d at 221(condemning "unblinking acceptance" of conclusory vocational expert testimony regarding microfilm document preparer positions).

In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and the weight accorded to treating physician opinions. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 218 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

Furthermore, the central evidentiary questions are brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as further discussed in *Madigan v. Comm'r of Soc. Sec.*, 525 F. Supp. 3d 413, 415 (E.D.N.Y. 2021), and incorporated herein by reference. Principally, counsel for plaintiff contends that the ALJ failed to properly weigh the opinions of plaintiff's treating physician, and failed to appropriately account for time off-task in making a vocational assessment and consider plaintiff's obesity. Plaintiff's objections, however, ignore the ALJ's findings concerning "inconsistent information" regarding the plaintiff's limitations, which undermined many of plaintiff's assertions. *See, e.g.*, AR 23. The ALJ expressly did consider plaintiff's obesity and only discounted physician's opinions in instances where objective evidence support such determinations.

In considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" (quoting *Bonet ex rel.*

*T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013))).  Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
      January 4, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge